IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
| v. | ) | C.A. No. 08-211 Erie |
|  | ) | Judge McLaughlin |
| ANNE JANE KULHANEK, *et al.*, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**MEMORANDUM OPINION**

McLAUGHLIN, SEAN J., J.

     Presently pending before the Court is Defendants' Second Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons which follow, the motion will be denied.

**I. BACKGROUND**

     Defendants Anne Jane Kulhanek, Barbara J. Smith, and Susan C. Ulf ("Defendants") are the surviving daughters of Robert Q. Roth, Sr. ("Roth"), who died in Erie, Pennsylvania on June 10, 1991. (Amended Complaint ¶¶ 4-6, 8). At the time of his death, Roth held a retirement account with a balance of $306,843.00 and an insurance policy that paid $10,127.00. (Amended Complaint ¶¶ 10, 12). Each of the Defendants, along with Robert Q. Roth, Jr, a non-party to this suit, were beneficiaries of the retirement account and the insurance policy. Each Defendant received a distribution from the retirement account and the insurance policy shortly after Roth's death.

     The due date for Roth's estate tax return was March 10, 1992. (Amended Complaint ¶ 14). On March 11, 1992, the IRS received an estate tax return from the Roth Estate wherein the executors elected to defer payment of $216,366.00 of the estate tax liability over a ten-year period pursuant to

26 U.S.C. § 6166 because the estate contained 286 shares of the stock of a small business, Roth Caddilac, Inc. (Amended Complaint ¶ 15). Subsequently, on July 27, 1998, Robert Q. Roth, Jr entered into an agreement to sell all of the assets of Roth Cadillac. (Amended Complaint ¶¶ 18-20). The sale was consummated on March 1, 1999.

On July 24, 2008, the United States filed an action to collect unpaid estate taxes allegedly owed by the Defendants in the amount of $198,382.86 plus statutory interest accrued and accruing. In the original Complaint, the United States sought to collect the unpaid tax pursuant to 26 U.S.C. § 6324(a)(2), which generally provides that any person who receives property included in a gross estate is personally liable for any unpaid estate tax on that estate. (Complaint ¶¶ 21, 26). On March 1, 2009, the Defendants moved to dismiss on the basis that the ten-year statute of limitations within which to foreclose on a special lien pursuant to Section 6324(a)(1) had expired.

During oral argument on the Defendants' motion to dismiss, the United States clarified that it was not seeking to foreclose upon the special lien created by Section 6324(a)(1). (See Transcript, Oral Hearing, March 1, 2010). Rather, it was attempting to collect unpaid estate taxes against the Defendants pursuant to 26 U.S.C. § 6324(a)(2) by imposing personal liability upon them as transferees. In a subsequent telephonic conference, counsel for the United States stated that the government had determined that an election pursuant to 26 U.S.C. § 6166 to defer tax payments had been made in connection with the filing of the original tax return on March 11, 2002. (See Transcript, Oral Hearing, March 2, 2010). Given that this new information had potential ramifications with respect to the running of the statute of limitations, I directed that an amended complaint be filed reflecting the newly discovered date of the Section 6166 election.

Subsequent to the filing of the Amended Complaint, wherein the United States again sought to collect the unpaid estate tax against Defendants as transferees pursuant to Section 6324(a)(2), the Defendants filed a Second Motion to Dismiss once again asserting that the action was untimely based upon the ten year statute of limitations applicable to special liens pursuant to Section 6324(a)(1).

## II. STANDARD FOR REVIEW

Fed. R. Civ. P. 12(b)(6) allows a defendant to file a pre-answer motion to dismiss the plaintiff's complaint because it "fail[s] to state a claim upon which relief can be granted." The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3rd Cir. 1985). The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3rd Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3rd Cir. 1997)). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, ___ U.S. ___, 127 S. Ct. at 1965 citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, ___ U.S. ___, 127 S.Ct. at 1965. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974.

Where the basis for a 12(b)(6) motion is the statute of limitations, the Court must rely on the time alleged in the complaint to determine if the statute of limitations has expired. Cito v. Bridgewater Township Police Dept., 892 F.2d 23, 25 (3rd Cir.1989). If the statute of limitations has expired, the claim is properly dismissed on a 12(b)(6) motion. See Cito, 892 F.2d at 25.

## III. ANALYSIS

Estate taxes, as with all federal taxes, are due at the time that a tax return is filed with the Internal Revenue Service. 26 U.S.C. § 6151(a). When, however, an estate fails to satisfy its tax liability at the time of the return, 26 U.S.C. § 6324 provides the federal government with several statutory tools to assist in collecting the unpaid tax. The first of these is the automatic "special lien" created by Section 6324(a)(1) upon the death of the decedent. This provision states:

> Unless the estate tax imposed by Chapter 11 is sooner paid in full, or becomes unenforceable by reason of lapse of time, it shall be a lien upon the gross estate of the decedent for 10 years from the date of death . . .

26 U.S.C. § 6324(a)(1). This special lien "is an immediate lien upon the gross estate of the decedent" which "arises at the date of the death of the decedent without any necessity of making an assessment or of recording or filing." United States v. Cleavinger, 517 F.2d 230, 232 (7th Cir. 1975). Moreover, it has "an absolute duration of ten years" that cannot be extended or tolled. See United States v. Davis, 52 F.3d 781, 782 (8th Cir. 1995) ("The statute mandates that there 'shall be a lien upon the gross estate of the decedent for 10 years from the date of death....' 26 U.S.C. § 6324(a)(1). The statute does not say that the government has ten years to file its claim, only that the lien lasts for ten years."); United States v. Potemken, 841 F.2d 97, 100 (4th Cir. 1988) (rejecting the government's attempt to enforce a 6324(a) lien after the expiration of the ten year lien period); Cleavinger, 517 F.2d at 234-35 (same).

In the present case, it is undisputed that a special lien automatically attached to the Roth Estate on June 10, 1991, the date of Roth's death, and expired ten years later, on June 10, 2001. Defendants cite Cleavinger, Potemkin and Davis for the proposition that the 10 year duration of this special lien is absolute and cannot be extended. Davis, 52 F.3d at 783; Potemken, 841 F.2d at 101; Cleavinger, 517 F.2d at 234-35. As a result, the Defendants contend that the United States' right to collect the unpaid tax liability of the Roth Estate expired, at the latest, on June 10, 2002, when the special lien terminated.

There is a "ships passing in the night" quality to the Defendants' argument, however, because the United States is not attempting to collect unpaid taxes in this case pursuant to the special lien provision of § 6324(a)(1). Rather, the original and amended complaint make clear that the government is proceeding exclusively on the basis of the transferee liability provision set forth in § 6324(a)(2). This point was confirmed at oral argument:

| | |
|---|---|
| The Court: | The defendant here, I gather, takes the position that you are taking action on this lien that attached automatically, is that what you're doing? |
| Mr Role: | I don't think we are, your Honor. It's a personal liability. |
| The Court: | Isn't the lien irrelevant? |
| Mr. Role: | I believe it is, your Honor . . . |
| The Court: | I don't want to put words in your mouth, I want to make sure I understand what the nature of the complaint is and the defendant understands it. This is an action against a transferee, isn't it? |
| Mr. Role: | That's correct, your Honor. It's the government's position that these defendants are personally liable for the unpaid estate tax. |

(Oral Hearing, p. 6). Cleavinger, Potemkin and Davis are inapposite. Each of those cases involved an attempt by the government to foreclose upon a § 6324(a)(1) lien rather than to collect unpaid taxes from a transferee pursuant to § 6324(a)(2). The relevant inquiry is whether the government's action to collect taxes under the transferee liability provision of Section 6324(a)(2) is time-barred. It is to that issue which I now turn.

In relevant part, the transferee liability provision of § 6324(a)(2) provides:

> If the estate tax imposed by chapter 11 is not paid when due, then the . . . transferee . . . or beneficiary, who receives . . . property included in the gross estate . . . to the extent of the value, at the time of the decedent's death, of such property, shall be personally liable for such tax.

26 U.S.C. § 6324(a)(2). This provision is distinct from the special lien created by 6324(a)(1) and is not subject to the same limitations period. See United States v. Botefuhr, 309 F.3d 1263, 1277 (10th Cir. 2002) ("[C]ourts interpreting this provision have routinely analyzed the personal liability prong of § 6324 independent from and without reference to the lien provision."); United States v. Degroft, 539 F.Supp. 42, 44 (D. Md. 1981) (noting that transferee liability is "distinct from and

independent of the special lien"); United States v. Bevins, 2008 WL 5179099 (E.D. Cal. 2008). In Botefuhr, while discussing the federal gift tax,[1] the Tenth Circuit explained this distinction:

> This distinction is significant, because [the statute] does not explicitly state a statute of limitations for a [transferee's] personal liability. Moreover, the relatively few cases to have considered the issue suggest that the statute of limitations for the [transferee's] liability depends upon the statute of limitations for the [transferor's] liability: so long as the government could bring a timely action against the [transferor], its action against the [transferee] will be considered timely.

Botefuhr, 309 F.3d at 1277 (citing United States v. Wright, 57 F.3d 561, 564 (7th Cir. 1995) (explaining that "suits against persons derivatively liable for taxes are timely, or not, according to the rules for timeliness against taxpayers")). Consequently, because the transferee's liability is derivative of the transferor's, courts addressing the limitations period applicable to Section 6324(a)(2) "have looked at the generally applicable statutes of limitations created under § 6501 and § 6502 of the IRC, and they have reasoned that if the suit would be timely brought against the donor under these provisions, it will be considered timely against the donee or transferee." Id. (citing DeGroft, 539 F.Supp. at 44 ("The statute of limitations applicable to the personal liability established by Section 6324(a)(2) is not the ten year period set out in Section 6324(a)(1) . . . but rather the . . . period provided in I.R.C.'s § 6502(a) . . .")).

In pertinent part, § 6501 of the I.R.C. provides that the IRS must assess a tax "within three years after the return was filed." 26 U.S.C. § 6501(a).[2] Section 6502(a)(1), in turn, provides that any action to collect an assessed tax "by levy or by a proceeding in court" must be commenced "within 10 years after the assessment of the tax." 26 U.S.C. § 6502(a)(1). Significantly, unlike the

---

[1] Although the timeliness issue in Botefuhr concerned the federal gift tax, rather than the estate tax, courts have held "that the gift tax and estate tax provisions 'are and must be construed together.'" Botefuhr, 309 F.3d at 1276 n. 9 (quoting Estate of Sanford v. Commissioner, 308 U.S. 39, 44 (1939)). Thus, it is appropriate to "refer to cases arising under both" in determining the timeliness of an action under either provision. Id.

[2] Here, the parties do not dispute that the tax against the Roth Estate was timely assessed on April 20, 1992. (Amended Complaint, Ex. B).

ten year lien period contained in § 6324(a)(1), the ten year statute of limitations set forth in § 6502 is not absolute and may be suspended or extended. For example, another provision of the Internal Revenue Code, 26 U.S.C. § 6166, allows the heirs of an estate to elect to pay their estate tax in installments, rather than all at once, when the primary asset of the estate consists of a small family business. Where an election has been made pursuant to Section 6166, 26 U.S.C. § 6503(d) specifically provides that "the running of the period of limitation for collection of any tax imposed by Chapter 11 shall be suspended for the period of any extension of time for payment granted under the provisions of section. . . 6166." 26 U.S.C. § 6503(d) (emphasis added); see also United States v. Askegard, 291 F.Supp.2d 971, 978 (D. Minn. 2003) ("[W]hen a Section 6166 election is made, Section 6503(d) provides that '[t]he running of the period of limitations . . . shall be suspended.'"); United States v. First Midwest Bank/Illinois, 1997 WL 675192 (N.D. Ill. 1997) ("The statute of limitations is suspended for period of any extension of time for payment granted under I.R.C. § 6166.").

In Botefuhr, the Tenth Circuit rejected the defendant's contention that "the ten-year limit on § 6324's special lien also applies to § 6324's personal liability provision." Botefuhr, 309 F.3d at 1277. Noting the "clear distinction between the special lien [and] personal liability," the Court held that § 6502 established the statute of limitations for holding a transferee liable:

> This distinction is significant, because § 6324(b) does not explicitly state a statute of limitations for a donee's personal liability. Moreover, the relatively few cases to have considered the issue suggest that the statute of limitations for the donee's liability depends upon the statute of limitations for the donor's liability: so long as the government could bring a timely action against the donor, its action against the donee will be considered timely. Cf. United States v. Wright, 57 F.3d 561, 564 (7th Cir.1995) (explaining that "suits against persons derivatively liable for taxes are timely, or not, according to the rules for timeliness against taxpayers"). The few courts that have considered this issue directly in the context of § 6324 have looked at the generally applicable statutes of limitations created under § 6501 and § 6502 of the IRC, and they have reasoned that if the suit would be timely brought against the donor under these provisions, it will be considered timely against the donee or transferee. See United States v. DeGroft, 539 F.Supp. 42, 44 (D.Md.1981) (holding that § 6502 established the statute of limitations for holding a transferee

>personally liable, not § 6324's lien provision); see also United States v. Geniviva, Civ. A. No. 92-1045, 1993 WL 597442, at *2-*3 (W.D. Pa. Apr.14, 1993) (same), aff'd, 16 F.3d 522 (3d Cir.1994); United States v. Warner, No. 83 CIV 3717(LBS), 1985 WL 2575, at *5 (S.D.N.Y. Sept.18, 1985); United States v. Russell, Civ. A. No. KC-2953, 1974 WL 727, at *3 (D.Kan. Oct.17, 1974) (holding that § 6502 "is the applicable statute of limitations to actions brought under § 6324(a)(2), and that an action timely brought against a transferor would be timely against the transferee)", aff'd, 532 F.2d 175, 176 (10th Cir.1976) (acknowledging district court's holding but noting that that holding was not at issue on appeal); cf. United States v. Updike, 281 U.S. 489, 494, 50 S.Ct. 367, 74 L.Ed. 984 (1930) (holding that if the "period of limitation runs in favor of the [transferor]," it has also "run in favor of the transferees"); see also Walter D. Schwidetzky, *Heirs May Face Open-Ended Liability*, 54 Tax'n for Acct. 208, 210 (1995) ("The Service must bring an action to collect the tax liability arising under § 6324(a) within the ... collection period specified in § 6502.").

Id. at 1277-78. See also Bevan, 2008 WL 5179099, *6-7 ("Personal liability, assessed pursuant to 26 U.S.C. § 6324(a)(2), may be asserted . . . after the expiration of the ten year estate tax lien provided for in 26 U.S.C. 6324(a)(1), since the period of limitations in which to assert this liability in federal district court is measured by the collection limitations period applicable to the transferor estate.").

In Degroft, the government sought to collect unpaid estate taxes from the transferees of the decedent's estate pursuant to § 6324(a)(2). The defendant objected, arguing that, because the ten year limitation period applicable to special liens under § 6324(a)(1) had expired, an action under § 6324(a)(2) was also untimely. Rejecting this position, the court held:

>[A] transferee is personally liable for the tax: there is no need to bring an action to recover the actual property transferred to which the special lien has attached. If the special lien expires before the government sues to enforce it, or if the government sues under Section 6324(a)(2) without reference to that lien, and that lien expires, then it will have lost the security of that lien. However, this does not vitiate its separate action, as here, to collect on the personal liability imposed by Section 6324(a)(2).

DeGroft, 539 F.Supp. at 44. The court concluded, therefore, that the government's transferee action against DeGroft was timely despite the prior expiration of the § 6324(a)(1) special lien. Id.

In light of the foregoing, I conclude that the timeliness of the Amended Complaint is properly determined, in part, by reference to 26 U.S.C. § 6502(a)(1) which, as previously noted, provides that the ten year statute of limitations ordinarily begins to run upon "assessment of the tax." Id. However, given the election to defer payments pursuant to Section 6166, the running of the statute of limitations was "suspended." See 26 U.S.C. § 6503(d). Because the Roth Estate's § 6166 election preceded the assessment of its tax liability, the assessment did not trigger the running of the statute of limitations against the transferees of the estate and the statute did not begin to run until after the extension period ended. See Askegard, 291 F.Supp. at 975 ("Ordinarily, the statute of limitations for the collection of a tax liability begins to run on the date that the taxpayer is assessed that liability, and runs for ten years. However, during the period of a Section 6166 election, that statute of limitations is suspended."); Gregory Dev. Co. v. United States, 1981 WL 1806, *2 (E.D. Cal. 1981) ("Orth's election to pay the estate tax in installments was . . . prior to either of the assessments. [The] statute of limitations was suspended until such time as the privilege of installment payments was revoked . . .").

26 U.S.C. § 6166(g)(1)(A) provides in pertinent part:

> If . . . any portion of an interest in a closely held business which qualifies under subsection (a)(1) is distributed, sold, exchanged, or otherwise disposed of . . . and . . . the aggregate of such distributions, sales, exchanges, or other dispositions and withdrawals equals or exceeds 50 percent of the value of such interest, then the extension of time for payment of tax provided in subsection (a) shall cease to apply, and the unpaid portion of the tax payable in installments shall be paid upon notice and demand from the Secretary.

Id. In the present case, such a sale occurred on March 1, 1999, the date on which Roth Cadillac consummated a sale of all of its assets. Pursuant to Section 6166(g)(1)(A), the ten year statute of limitations for an action against the transferees of the Roth Estate began to run on that date. Because the United States filed its original Complaint on July 24, 2008, this action is timely.[3]

---

[3] Even if the date on which Roth Cadillac entered into the agreement to sell all of its assets, i.e., July 27, 1998, is considered the relative date under 26 U.S.C.
(continued...)

## IV.  CONCLUSION

For the reasons stated above, Defendants' Second Motion to Dismiss is denied.

---

³(...continued)
   § 6166(g)(1)(A), the action would be timely.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>ANNE JANE KULHANEK, *et al.*,<br><br>Defendants. | C.A. No. 08-211 Erie<br>Judge McLaughlin |

## **ORDER**

AND NOW, this 8th day of December, 2010, and for the reasons set forth in the accompanying Memorandum Opinion,

IT IS HEREBY ORDERED that Defendants' Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is denied.

/s/ Sean J. McLaughlin
United States District Judge

cm: All parties of record. ___